JOURNAL ENTRY and OPINION
In this appeal, appellant Inna Khodor challenges the trial court's denial of her motion to withdraw her 1995 no contest plea to the charge of theft. Five years after the no contest plea, she claims the trial court, in violation of R.C. 2943.031, failed to advise her at the time of the plea that a conviction could result in deportation, exclusion from admission to this country, or denial of naturalization. She assigns the following error for our review:
 I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO VACATE HER NO CONTEST PLEA
Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court. The apposite facts follow.
On November 18, 1999, Khodor filed a motion for post conviction relief or in the alternative, a motion to withdraw her no contest plea. In her memorandum in support, Khodor stated the following:
 On July 15, 1993, Defendant Inna Khodor (Khodor) pled guilty before the Lyndhurst Municipal Court to the crime of petty theft.
 Khodor was convicted, duly paid her fine, and on December 14, 1994 pursuant to a motion by defendant, the Lyndhurst Court entered an order expunging Khodor's record of arrest and conviction. Subsequently, Khodor pled guilty and was convicted of a second misdemeanor by this Court in 1995. Upon motion by Khodor, on August 18, 1998, pursuant to revised code 2953.31-2953.36, this court sealed Khodor's record of arrest and conviction.
Khodor asserted she is not an American citizen. Khodor argued her two convictions made her subject to deportation and the denial of U.S. citizenship under amendments to the Immigration and Nationality Act enacted subsequent to her convictions. Further, Khodor argued that under R.C. 2943.031, her status as a non-citizen required the court to warn her of the possible risk of deportation and denial of citizenship; and the trial court failed to issue such warning at the time she entered her no contest plea.
The trial court heard Khodor's motion on January 18, 2000. At the hearing, the trial court recited the history of Khodor's case on the record. Among other things, the trial court noted that Khodor appeared for arraignment and received a verbal explanation of rights as well as the deportation and naturalization advisement. Before Khodor entered her no contest plea, the trial court provided her with a form dated January 1995, advising her of her rights. The form stated, I am a citizen of the United States? Yes or no. Khodor checked No. Below that question, the form contained the following advisement:
 If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty or no contest when applicable may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization, pursuant to the laws of the United States. I state that I have received a copy of the complaint with knowledge of my rights of aforesaid. I hereby knowingly, voluntarily, and intelligently enter a plea of not guilty.
After reciting the Khodor's case history, the court asked prosecution and defense counsel if they had any corrections to the record. Both prosecution and defense counsel agreed the record read by the court was correct.
Following the hearing, the trial court found as follows:
 (1) that on January 19, 1995 at her arraignment defendant was advised verbally and in writing of the possible negative consequences upon her immigration status of pleading guilty to the crime of theft; (2) that the advisement was entered upon the record through a rights form containing the full advisement as set forth in O.R.C. 2943.031 that was signed by the defendant and filed as part of the court record; (3) defendant was represented by counsel at the change of plea hearing and sentencing and at the hearing on her motion to seal her records; (4) prior to her arraignment in this court defendant had prior experience with the criminal justice system in that she had been previously convicted of theft and had previously sought and received an order to seal the record of the prior conviction; and (5) therefore, defendant fully understood the advisement given her at arraignment and fully understood at the time she changed her plea to no contest that a conviction of theft could have the consequences of deportation or denial of naturalization pursuant to the laws of the United States.
Accordingly, the trial court denied Khodor's motion for post-conviction relief or to withdraw her guilty plea. It is from this order Khodor now appeals.
In her sole assignment of error, Khodor argues the trial court erred in denying her motion to withdraw her plea made pursuant to R.C. 2943.031(D). Khodor argues the trial court's failure to advise her of the negative consequences of a no contest plea to her immigration status requires the court to vacate her conviction. Because we conclude Khodor received the proper advisement, we disagree.
R.C. 2943.031 provides:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
 If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
 Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
* * *
 (D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty or no contest and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.
This court has held that in order for the R.C. 2943.031 advisements to apply, the record must affirmatively demonstrate that a defendant is not a citizen of the United States through affidavit or other documentation. State v. Muller (1999), 134 Ohio App.3d 737; 732 N.E.2d 410; State v. Bisono (August 5, 1999), Cuyahoga App. No. 74446, unreported; State v. Isleim (August 18, 1994), Cuyahoga App. No. 66201, unreported; State v. Thomas (March 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported. Further, this Court has held that the appellant must make some showing of prejudicial effect caused by the trial court's failure to give the advisement with respect to possible deportation before a motion to vacate a guilty plea will be granted. See Muller; Bisono; Isleim; State v. Guild (Jan. 13, 1994), Cuyahoga App. No. 63407, unreported.
In the instant case, the record demonstrates the trial court verbally addressed Khodor at her arraignment and provided appellant with the R.C.2943.031 advisement. Further, the record indicates the court also provided Khodor with a written advisement which Khodor signed, indicating she understood the possible negative consequences of a conviction on her immigration status. Therefore, we conclude the trial court provided Khodor with the proper advisements prior to accepting her no contest plea.
We also note that in the trial court's January 20, 2000 journal entry on the motion to withdraw, the trial court pointed out that Khodor's lawyer and the prosecutor had stipulated to the history of the case. The history of the case entailed the acknowledgment that the trial court made the necessary advisement to the appellant. The trial court also pointed out that after her conviction, Khodor moved to expunge and seal her records. Because the record is sealed, it is impossible to verify her signed copy of the advisement. However, the Khodor's lawyer stipulated to the trial court's recitation of the history and the Khodor's signed advisement. Accordingly, we conclude the trial court acted within its discretion to deny the motion.
We also conclude that even if the trial court had not provided Khodor with the required advisement, Khodor failed to demonstrate any prejudicial effect based on the court's alleged failure. Appellant asserts she is not a citizen of the United States; however, she does not claim non-immigrant status. Khodor does not allege that she is the subject of any deportation proceedings. She alleges only the possibility of deportation and the possibility of any future attempt to become a naturalized citizen may be denied. We conclude these allegations are insufficient to demonstrate prejudice sufficient to require reversal of the trial court's judgment. See Bisonoand Isleim. Accordingly, we overrule Khodor's assignment of error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the South Euclid Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.